

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO. *1:04CV112*

FILED
CHARLOTTE, N. C.

JUN 17 2004

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | | |
|---|---|---|
| WADE D. BURNS, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| TOWN OF MONTREAT; TOWN OF | ) | |
| BLACK MOUNTAIN; DAN CORDELL, | ) | |
| Individually and in his official capacity as | ) | |
| Building Inspector; and, TERESA REED, | ) | |
| individually and in her official capacity as | ) | |
| Zoning Official, | ) | |
| Defendants | ) | |

NOW COME Defendants, by and through undersigned counsel and hereby file this Notice of Removal of the above described action to the United States District Court for the Western District of North Carolina, Asheville Division, from the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and state as follows:

1.    All Defendants in the above-entitled action join in this notice.

2.    The above entitled action was commenced in the General Court of Justice, Superior Court Division, Buncombe County, State of North Carolina and is now pending in that court. Process was served on Defendants Town of Montreat, Town of Black Mountain and Dan Cordell on or about May 19, 2004 and Defendant Teresa Reed on May 20, 2004.

3.    The action is a civil action concerning allegations by the Plaintiff of defamation, tortuous interference with contract, civil conspiracy, and violation of Plaintiff's constitutional rights of free speech, due process and equal protection of the laws under the First and Fourteenth Amendments to the United States Constitution. The United States District Court for the Western

District of North Carolina has jurisdiction by reason of 28 U.S.C. §1441, in that the action arose, in part, under the laws of the United States and that, as is stated in the Complaint, Plaintiff has based his claims for relief against Defendants, by virtue of and under federal statutes and acts of Congress and the United States Constitution.

4.    Defendants further allege that the action was commenced by the filing of the Complaint on May 13, 2004, and the service of process on these Defendants on or about May 19 and 20, 2004, and that the time has not elapsed within which Defendants are permitted to file this Notice of Removal of this action to this Court.

5.    A copy of all process, pleadings, and orders served upon Defendants are filed with this notice.

6.    Defendants will give written notice of the filing of this notice to Plaintiff as required by 28 U.S.C. §1446(d).

7.    A copy of this notice will be filed with the Clerk of Superior Court of Buncombe County, North Carolina, as required by 28 U.S.C. §1446(d), via the correspondence attached hereto as Exhibit "A" and incorporated as if full set forth herein.

WHEREFORE, Defendants hereby request that this action proceed in this Court as an action properly removed to it.

This the 16th day of June, 2004.

SUMRELL, SUGG, CARMICHAEL, HICKS & HART, P.A.
Attorneys for Defendants Town of Black Mountain and
Dan Cordell in his official capacity

By: _____
SCOTT C. HART
State Bar No. 19060
Post Office Drawer 889
New Bern, North Carolina 28563
(252) 633-3131

2

CRANFILL, SUMNER & HARTZOG, L.L.P.
Attorneys for Defendants Town of Montreat and Teresa Reed
In her official capacity

By:  _____ /BY SCH
     A. SHANNON SUMERELL
     State Bar No. 28108


By:  _____ /BY SCH
     PATRICK H. FLANAGAN
     State Bar No. 17407
     Post Office Box 30787
     Charlotte, NC  28230
     (704) 332-8300



CARTER & KROPELNICKI, P.A.
Attorneys for Defendant Dan Cordell in his individual capacity

By:  _____ /BY SCH
     STEVEN KROPELNICKI
     State Bar No. 6713
     181 Charlotte Street
     Asheville, NC  28801
     (828) 252-9804

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **NOTICE OF REMOVAL** was served upon counsel of record by depositing the same in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service, New Bern, North Carolina, and addressed to:

> C. Frank Goldsmith, Jr.
> Post Office Box 1107
> Marion, NC 28752

This the _16rd_ day of June, 2004.

> SUMRELL, SUGG, CARMICHAEL, HICKS & HART, P.A.
> Attorneys for Defendants Town of Black Mountain and
> Dan Cordell in his official capacity
>
> By: _____
> SCOTT C. HART
> State Bar No. 19060
> Post Office Drawer 889
> New Bern, North Carolina 28563
> Telephone: (252) 633-3131

16\P\NW-BURNS.NOR

4

# SUMRELL, SUGG, CARMICHAEL, HICKS & HART, P.A.

### ATTORNEYS AT LAW

**416 Pollock Street**

**New Bern, North Carolina  28560**

**www.nclawyers.com**

RAYMOND E. SUMRELL*
JAMES R. SUGG
FRED M. CARMICHAEL
JIMMIE B. HICKS, JR.
SCOTT C. HART
JILL QUATTLEBAUM BYRUM‡
AREY W. GRADY, III
B. KYLE DICKERSON
RON D. MEDLIN, JR.

P.O. DRAWER 889
NEW BERN, NC 28563
(252) 633-3131
_____

FACSIMILE
(252) 633-3507
_____

June 16, 2004

E-MAIL ADDRESS
shart@nclawyers.com

* Retired
‡Licensed also in South Carolina

Honorable Robert Christy, Jr.
Buncombe County Courthouse
60 Court Plaza
Asheville, NC  28801-3582

     RE:    Wade D. Burns v. Town of Montreat, et al
             Buncombe County File No. 04 CVS 02058
             Our File No. 52835.07

Dear Mr. Christy:

     Enclosed please find a copy of the Notice of Removal, the original of which is being filed with the United States District Court, with regard to the above referenced case.  By copy of this letter, I am serving Plaintiff's counsel with a copy of same.

     I thank you in advance for your attention to these matters.  Please call me if you have any questions at (800) 272-8369.

                    Yours very truly,

                    Scott C. Hart

SCH\tzw

Enclosures

Cc:    C. Frank Goldsmith, Jr., Esq. (w/encl.)
       A. Shannon Sumerell, Esq. (w/encl.)
       Steven Kropelnicki, Esq. (w/encl.)
       Patrick H. Flanagan, Esq. (w/encl.)

Honorable Robert Christy, Jr.
June 16, 2004
Page 2


Mr. Dan Cordell (w/encl.)
Mr. Anthony N. Caudle (w/encl.)
Ronald E. Sneed, Esq. (w/encl.)
Honorable Frank Johns, U.S.D.C. Clerk (w/encl.)
Mr. William P. Varley, File No. K14-009641 (w/encl.)

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                                            SUPERIOR COURT DIVISION
COUNTY OF BUNCOMBE              FILE NO. 04-CVS-02058


WADE D. BURNS,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      AFFIDAVIT OF SERVICE OF
                                  )      PROCESS BY CERTIFIED MAIL
TOWN OF MONTREAT; TOWN OF         )
BLACK MOUNTAIN; DAN               )
CORDELL, individually and in his  )
official capacity as Building Inspector;  )
and TERESA REED, individually and )
in her official capacity as Zoning Official,)
                                  )
            Defendants            )


    I, C. Frank Goldsmith, Jr. of the firm of GOLDSMITH, GOLDSMITH &

DEWS, P.A., counsel of record for the plaintiff, Wade D. Burns, hereby certify that the

defendants, Town of Montreat, Town of Black Mountain, Dan Cordell, and Teresa Reed,

were served with process in the above action, pursuant to Rule 4(j), North Carolina Rules

of Civil Procedure, in the following manner:

    On, May 17, 2004, I deposited copies of the civil summons and complaint in the

United States Post Office at Marion, North Carolina, for mailing by certified mail, return

receipt requested, in a properly franked envelope addressed to each defendant as follows:

> Town of Montreat
> c/o Town Manger, Pam Snypes
> P.O. Box 423
> Montreat, NC 28757

Town of Black Mountain
c/o Town Manager, Anthony N. Caudle
102 Montreat Road
Black Mountain, NC 28711

Dan Cordell
c/o Town of Black Mountain
106 Montreat Road
Black Mountain, NC 28711

Teresa Reed
c/o Town of Montreat
P.O. Box 423
Montreat, NC 28757

On May 19, 2004, defendant, Town of Montreat in fact received copies of the aforementioned documents as evidenced by the attached green genuine postal registry receipt signed by Pam Snypes, defendant's agent.

On May 19, 2004, defendant Town of Black Mountain in fact received copies of the aforementioned documents as evidenced by the attached green genuine postal registry receipt signed by Mona Robinson.

On May 19, 2004, defendant Dan Cordell in fact received copies of the aforementioned documents as evidenced by the attached green genuine postal registry receipt signed by Rosa Hilbert.

On May 20, 2004, defendant Teresa Reed in fact received copies of the aforementioned documents as evidenced by the attached green genuine postal registry receipt signed by said defendant.

-2-

This the 25th day of May, 2004.

C. FRANK GOLDSMITH, JR.
Post Office Box 1107
57 South Main Street
Marion, North Carolina 28752
Telephone: (828) 652-3000

Attorney for Plaintiff

AFFIRMED AND SUBSCRIBED
before me, this the 25th day of
May, 2004.

NOTARY PUBLIC

My Commission Expires: 9-1-08

-3-

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Town of Montreat
c/o Town Manager, Pam Snypes
P.O. Box 423
Montreat, NC 28757

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Pamela Snype_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
5·19·04

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7003 1680 0001 2346 6755

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Town Of Black Mountain
C/o Town Manager, Anthony N. Caudle
102 Montreat Road
Black Mountain, NC 28711

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Mona Robinson_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
5·19·04

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7003 1680 0001 2346 6779

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

-4-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kyle Hilbit_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
    5/19/04

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Dan Cordell
c/o Town of Black Mountain
106 Montreat Road
Black Mountain, NC 28711

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7003 1680 0001 2346 6748

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Teresa Reed_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
    5/20/04

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Teresa Reed
c/o Town of Montreat
P.O. Box 423
Montreat, NC 28757

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7003 1680 0001 2346 6762

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

-5-

# STATE OF NORTH CAROLINA

FILED

'04 MAY 13 PM 1: 50

BUNCOMBE COUNTY. C.S.C.

BY_____

BUNCOMBE _____ County

File No. **4CV** 02058
04-CVS-

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>WADE D. BURNS | |
| Address c/o C. Frank Goldsmith, Jr.<br>P.O. Box 1107 | **CIVIL SUMMONS** |
| City, State, Zip<br>Marion, NC 28752 | ☐ ALIAS AND PLURIES SUMMONS |
| VERSUS | G.S. 1A-1, Rules 3, |
| Name Of Defendant(s)<br>TOWN OF MONTREAT; TOWN OF BLACK MOUNTAIN;<br>DAN CORDELL, individually and in his<br>official capacity as Building Inspector; and<br>TERESA REED , individually and in her official<br>~~capacity as Zoning Official~~ | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1<br><br>TOWN OF MONTREAT<br>c/o Town Manager, Pam Snypes<br>P.O. Box 423<br>Montreat, N.C. 28757 | Name And Address Of Defendant 2<br><br>TERESA REED<br>c/o Town of Montreat<br>P.O. Box 423<br>Montreat, NC 28757 |
|---|---|

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>C. FRANK GOLDSMITH, JR.<br>P.O. Box 1107<br>Marion, NC 28752<br>Telephone: (828) 652-3000 | Date Issued<br>5-13-04 | Time<br>1:50 ☐ AM ☐ PM |
|---|---|---|
| | Signature<br>*Glenda Hunnicutt* | |
| | ☑ Deputy CSC ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date<br>indicated above and returned not served. At the<br>request of the plaintiff, the time within which<br>this Summons must be served is extended sixty (60)<br>days. | Date Of Endorsement<br><br>Signature | Time<br>☐ AM ☐ PM |
|---|---|---|
| | ☐ Deputy CSC ☐ Assistant CSC | ☐ Clerk Of Superior Court |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration; and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
©2001 Administrative Office...

(Over)

# STATE OF NORTH CAROLINA

BUNCOMBE _____ County

## FILED

04 MAY 13 PM 1:50

BUNCOMBE COUNTY, C.S.C.

BY_____

File No. 04-CVS 0205

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>WADE D. BURNS | |
| Address c/o C. Frank Goldsmith, Jr.<br>P.O. Box 1107 | |
| City, State, Zip<br>Marion, NC 28752 | |

## CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3,

**VERSUS**

Name Of Defendant(s)
TOWN OF MONTREAT; TOWN OF BLACK MOUNTAIN;
DAN CORDELL, individually and in his
official capacity as Building Inspector; and
TERESA REED , individually and in her official
capacity as Zoning Official

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br><br>TOWN OF BLACK MOUNTAIN<br>c/o Town Manager, Anthony N. Caudle<br>102 Montreat Road<br>Black Mountain, NC 28711 | Name And Address Of Defendant 2 |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>C. FRANK GOLDSMITH, JR.<br>P.O. Box 1107<br>Marion, NC 28752<br>Telephone: (828) 652-3000 | Date Issued<br>5-13-04 | Time<br>1:50 ☐ AM ☒ PM |
| | Signature<br>*Glenda Honeycutt* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

NOTE TO PARTIES: Many counties have *MANDATORY ARBITRATION* programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
©2001 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

BUNCOMBE County

**FILED**

04 MAY 13 PM 1:50

BUNCOMBE COUNTY, C.S.C.

BY _____

File No.

04-CV-**4CV 0205**

In The General Court Of Justice
☐ District ☒ Superior Court Division

**FILED**

| | |
|---|---|
| Name Of Plaintiff<br>WADE D. BURNS | |
| Address c/o C. Frank Goldsmith, Jr.<br>P.O. Box 1107 | **CIVIL SUMMONS** |
| City, State, Zip<br>Marion, NC 28752 | ☐ ALIAS AND PLURIES SUMMONS |
| VERSUS | G.S. 1A-1, Rules 3, |
| Name Of Defendant(s)<br>TOWN OF MONTREAT; TOWN OF BLACK MOUNTAIN;<br>DAN CORDELL, individually and in his<br>official capacity as Building Inspector; and<br>TERESA REED , individually and in her official<br>~~capacity as Zoning Official~~ | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| DAN CORDELL<br>c/o Town of Black Mountain<br>106 Montreat Road<br>Black Mountain, NC 28711 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>C. FRANK GOLDSMITH, JR.<br>P.O. Box 1107<br>Marion, NC 28752<br>Telephone: (828) 652-3000 | Date Issued<br>5-13-04 | Time<br>1:50 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>*Glenda Thweycutt* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☒ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

NOTE TO PARTIES: Many counties have *MANDATORY ARBITRATION* programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.

# STATE OF NORTH CAROLINA

BUNCOMBE _____ County

**FILED**

04 MAY 13 PM 1:50

BUNCOMBE COUNTY. C.S.C.

BY_____

File No: 04 4CV 02058

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
WADE D. BURNS

*Address* c/o C. Frank Goldsmith, Jr.
P.O. Box 1107

*City, State, Zip*
Marion, NC 28752

## CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3,

VERSUS

*Name Of Defendant(s)*
TOWN OF MONTREAT; TOWN OF BLACK MOUNTAIN;
DAN CORDELL, individually and in his
official capacity as Building Inspector; and
TERESA REED , individually and in her official
capacity as Zoning Official

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| TOWN OF MONTREAT<br>c/o Town Manager, Pam Snypes<br>P.O. Box 423<br>Montreat, N.C. 28757 | TERESA REED<br>c/o Town of Montreat<br>P.O. Box 423<br>Montreat, NC 28757 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>C. FRANK GOLDSMITH, JR.<br>P.O. Box 1107<br>Marion, NC 28752<br>Telephone: (828) 652-3000 | *Date Issued*<br>5-13-04 | *Time*<br>1:50 ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

TE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

NTY OF BUNCOMBE     FILE NO. 04-CVS-   **4CV 02058**

E D. BURNS,     )
    )
       Plaintiff,     )
    )
     v.     )
    )
N OF MONTREAT; TOWN OF   )
CK MOUNTAIN; DAN     )
DELL, individually and in his   )
l capacity as Building Inspector;   )
ERESA REED, individually and   )
official capacity as Zoning Official,)
    )
       Defendants     )

<u>COMPLAINT</u>
<u>JURY TRIAL DEMANDED</u>

FILED
04 MAY 13 PM 1:50
BUNCOMBE COUNTY, C.S.C.
BY

Plaintiff, for his claims for relief against the defendants, alleges:

## I. NATURE OF THE ACTION

1.      This is an action brought under the common law of North Carolina and the

itutions of the United States and of North Carolina seeking compensatory damages

quitable relief from all defendants, and punitive damages from the individual

lants, for defamation, tortious interference with contract, civil conspiracy, and denial

ntiff's constitutional rights to equal protection of the laws, due process of law, and

eech.

## II. PARTIES

2.      Plaintiff is a citizen and resident of Buncombe County, North Carolina, and

Town of Montreat.

3.     Defendant Town of Montreat is a municipal corporation and a "city" as

ied by N.C. Gen. Stat. § 160A-1(2).  Said defendant employs a Zoning Official and, by

gement with defendant Town of Black Mountain, a Building Inspector, over each of

.n it exercises supervisory responsibility.

4.     Defendant Town of Black Mountain is a municipal corporation and a "city"

fined by N.C. Gen. Stat. § 160A-1(2).  At times relevant to this complaint, said

dant agreed to provide to the defendant Town of Montreat building inspection and

ruction permitting services, to be performed by its agent and employee, defendant

:l I. Cordell.  Upon information and belief, said defendant employed and supervised

dant Cordell in the provision of such services to the Town of Montreat and its citizens

nared, jointly with defendant Town of Montreat, supervisory responsibility for his

:ies.

5.     Defendant Daniel I. Cordell (hereinafter sometimes referred to as "Cordell")

tizen and resident of Buncombe County, North Carolina.  Said defendant is and was,

information and belief, at all times relevant to this complaint jointly employed by

lants Town of Black Mountain and Town of Montreat as the towns' Building

:tor.  At all times relevant to this complaint, defendant served as the Building

:tor for the Town of Montreat and, unless otherwise indicated herein, acted in such

ty in his dealings with the plaintiff.

-2-

6.     Defendant Teresa Reed (hereinafter sometimes referred to as "Reed") is a
n and resident of Buncombe County, North Carolina. Said defendant is and was,
information and belief, at all times relevant to this complaint employed by defendant
1 of Montreat. At all times relevant to this complaint, defendant was the Zoning
al as well as the Town Clerk for the Town of Montreat and, unless otherwise indicated
1, acted in one or both of such capacities in her dealings with the plaintiff.

7.     Each of the defendants is a "person" within the meaning of the Civil Rights
`1871, 42 U.S.C. § 1983, and is capable of being sued for the claims asserted herein.

8.     The acts and omissions of the defendants complained of herein were taken
color of state law, statute, ordinance, regulation, custom, or usage, and the individual
lants were at all times acting within the scope of their employment with defendants
of Montreat and Town of Black Mountain. While the acts and omissions complained
:in were carried out under color of state law, they had no justification or excuse in
ut instead were illegal, improper, and beyond the scope of the defendants' proper
ity in administering and enforcing the laws over which they have jurisdiction. In
n, the actions of the defendants were undertaken with malice and ill-will against the
f, in gross violation of their rights and duties as public servants.

9.     Upon information and belief, defendants are protected by one or more
. of liability insurance purchased pursuant to N.C. Gen. Stat. § 160A-485 or other
ble law with respect to all acts and omissions complained of herein, or participate in

-3-

ernment risk pool pursuant to Article 23 of Chapter 58 of the North Carolina General

tes, and to such extent, defendants have waived any official, sovereign, or

nmental immunity to which they might otherwise be entitled in their official

ities. To the extent that may be required by law, plaintiff hereby waives his right to a

ial on all issues of law or fact relating to insurance coverage.

## III. FACTUAL BACKGROUND

10.    Plaintiff is a fully qualified and experienced architect who holds a license from

rth Carolina Board of Architecture to practice his profession in this State. After a

r of years of practicing architecture in the State of Georgia, where he enjoyed a well-

ed reputation not only for his professional skill, but also for his personal integrity, in

plaintiff moved to the Town of Montreat to live and to practice architecture, working

as an employee of an architect in Asheville before establishing his own practice.

11.    Plaintiff was appointed to serve on the Planning and Zoning Commission of

endant Town of Montreat, and ultimately was twice elected as the Commission's

In the course of his service on the Commission, plaintiff became concerned that the

dministration was, in some cases, operating illegally, unethically, and in violation of

aciples of open government established under North Carolina law by holding

s in violation of North Carolina's Open Meetings Law, by refusing to share with the

genda information that was supposed to be available to the public, by engaging in

il viewpoint discrimination in determination which members of the public and of

-4-

'lanning and Zoning Commission would be heard, by acting in matters that were

nd the jurisdiction of the Town Commissioners, and other violations. Plaintiff voiced

concerns, which were matters of public concern to the citizens of Montreat, both in

ings and in other communications with the town administration and others, sharing

the Board of Commissioners and other members of the administration advice plaintiff

eceived from the Institute of Government that validated his concerns.

12.     Plaintiff's advocacy for honest and open government offended certain

ɔers of the town's governing body and administration, including the then (and

nt) mayor, the then vice-mayor, defendant Daniel I. Cordell, the town's Building

ctor, and defendant Teresa Reed, the town's Zoning Official and Town Clerk. In

ation for plaintiff's outspokenness against their unlawful actions, the defendants, acting

y or in concert with the Town of Montreat's mayor, vice-mayor, and other persons,

action to seek the removal of plaintiff from the Planning and Zoning Commission,

ling seeking to hold an illegal closed session for the purpose of considering such

val. When plaintiff indicated that he would not voluntarily resign, the Town of

reat then took the drastic step of voting to dissolve the Planning and Zoning

nission altogether. Rather than see the citizens of Montreat harmed by such

iitous and mean-spirited action, plaintiff resigned his position but continued his

sm of the defendants' unlawful and unethical conduct.

-5-

13.     In addition to seeking plaintiff's removal from the Planning and Zoning
mission, defendants began a campaign of activity designed to discredit plaintiff as an
:ect, destroy his reputation as an individual and as a professional, and drive him from
rtaking to practice his profession in the Town of Montreat.

14.     The defendants' campaign against plaintiff has included, without limitation,
)llowing acts:

a.      Defendants, acting together and with others, have made false and defamatory
statements about plaintiff in public meetings as well as in private
communications with citizens of Montreat, including false statements about
plaintiff's licensure and qualifications to practice his profession;

b.      Defendants, acting individually or in concert, have written defamatory letters
concerning plaintiff to citizens of Montreat, as more specifically set forth
hereinafter;

c.      Defendants undertook to remove plaintiff from his position as Chair and as a
member of the Planning and Zoning Commission in retaliation for plaintiff's
speaking out on matters of public concern;

d.      Defendants have acted, and continue to act, to undermine plaintiff's
architecture practice and to deprive him of the means of earning his livelihood
by raising spurious and illegal objections to plans proposed by plaintiff on
behalf of his clients, causing costly delays in the construction of
improvements to the clients' properties. On at least three occasions, the
clients were required to appeal formally to the Board of Adjustment of the
Town of Montreat before receiving permission to improve their property;

e.      Defendants apply different criteria to judge whether proposed improvements
to the properties of plaintiffs' clients satisfy the requirements of the Town of
Montreat's code and ordinances than are applied to proposals and applications
submitted by other property owners and their agents;

-6-

f.  Defendants apply different procedures to appeals by plaintiff or his clients from their unlawful acts than are applied to other persons who appeal the decisions of the Zoning Official or other agents of the Town of Montreat.

g.  Defendants have retaliated against plaintiff for challenging their decisions in successful appeals by raising petty and spurious objections to plans submitted by plaintiff on behalf of his clients, which objections are not raised against plans submitted by others.

15.  These unlawful acts of the defendants are ongoing and will continue unless [defend]ants are restrained, and such acts have caused plaintiff substantial economic loss and [damag]e to his personal and professional reputations.

16.  By way of illustration and not of limitation of defendants' application of [arbitra]rily different standards against plaintiff and his clients, plaintiff offers the following [examp]les of such discriminatory practices:

a.  Two of plaintiff's clients, Alvin and Alice Sudduth, hired plaintiff to design a cottage to be constructed on their property on Chapman Road. Defendant Reed, acting on behalf of defendant Town of Montreat, interposed spurious objections and obstacles to the proposed construction that have not been interposed in similar situations involving other property owners acting either individually or represented by other agents than plaintiff, including refusing to grant zoning compliance approval and refusing to grant the Sudduths permission to cross a public right-of-way to build a driveway to their cottage. Furthermore, defendant Reed delayed for nearly three months before informing the Sudduths that their Certificate of Zoning Compliance for setback approval was denied, despite having earlier told them that such a certificate could be issued, causing them substantial expense as architectural development of the plans continued under the belief that approval was forthcoming. In these and other ways, the Sudduths were informed by defendants Reed and the Town of Montreat that they were paying a price for having selected plaintiff as their architect.

b.  Parkes and Leslie Dibble hired plaintiff to design an addition to their cottage and concrete steps and stone walls from their house to a new parking area on

-7-

their property at 408 Appalachian Way. The steps were needed as a matter of safety and convenience because of the steep slope from the house to the parking area. Defendant Reed, acting on behalf of the Town of Montreat, denied the Dibbles a Certificate of Zoning Compliance because the steps and walls would "extend into the side setback." However, numerous other property owners, not represented by plaintiff, had been allowed to build steps and walls that extended into the setback areas of their property, and plaintiff is informed and believes that defendants had never before denied a Certificate of Zoning Compliance simply for that reason. The Dibbles were required, at significant expense and delay, to appeal defendants' decision to the Zoning Board of Adjustment, which, after hearing the facts, reversed defendants' decision, finding that the evidence revealed "a pattern of inconsistency that impinges on the concept and application of equity in applying restrictions to the use of real property, housing, etc., in the Town of Montreat in recent years."

c.   Ms. Susan W. Neville engaged plaintiff as architect (and owner's agent) to design a new gravel driveway and parking area to improve access to her home on Virginia Road. The Town of Montreat denied Ms. Neville's application to cut several small trees that were in the area of access to the proposed driveway and parking area. Plaintiff, on behalf of Ms. Neville, attempted to present the issue to the Board of Commissioners, but the former vice-mayor and one of the commissioners stated that they did not want to hear anything the plaintiff had to say; several of the commissioners literally turned their backs to the plaintiff as he was attempting to speak; and the commissioners later also voted not to allow plaintiff to speak during the part of the meeting reserved for public comment.

d.   Defendant Reed, acting on behalf of the Town of Montreat, also denied plaintiff's application on behalf of Ms. Neville for a Certificate of Zoning Compliance. The latter was denied on the ground that the proposed driveway's bank slope would exceed the minimum ratio of horizontal distance to vertical distance of 2:1 under the town's regulations. Ultimately, defendant Reed issued a Certificate of Compliance conditioned upon such a ratio being maintained in the cut banks, despite the fact that observing the ratio would vastly increase the expense of the project and would require the removal of many more trees than would otherwise be the case, and despite the fact that numerous other property owners, not represented by plaintiff as their agent or architect, had been permitted to maintain slopes with a ratio greater than 2:1. Ms. Neville, too, was forced to appeal defendants' decision

-8-

to the Montreat Zoning Board of Adjustment, at great expense and delay. On appeal, defendants unsuccessfully attempted to enforce against Ms. Neville a procedural timeliness rule that had never been invoked against other property owners. The Board nevertheless rejected the time bar and reversed defendants' decision to require the steeper slope.

e.   Defendant Cordell, without justification or excuse and in violation of applicable code provisions and ordinances, issued two stop work orders against the Neville property described above, refused to issue three requested building permits, and revoked two building permits that had been issued, all in personal retaliation against plaintiff for his protected conduct as alleged above. In these actions, defendant Cordell acted on behalf of the Town of Montreat and the Town of Black Mountain.

f.   Defendant Cordell, acting on behalf of the Town of Montreat and the Town of Black Mountain, has applied, uniquely to plaintiff and his clients, a policy of refusing to issue permits to which plaintiff and his clients were entitled without first personally confirming with subcontractors that they have been engaged to do the work.

g.   Joanne Clark-West engaged plaintiff's services to improve her residence. Defendant Cordell, on behalf of the Town of Montreat and the Town of Black Mountain, failed a set of wooden exterior "landscape" steps that were code-compliant or code-exempt, as a part of said defendants' pattern of retaliation against plaintiff. Plaintiff is informed and believes that similar steps have been constructed without opposition by other property owners in Montreat.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: DEFAMATION

17.   On May 14, 2003, as part of defendants' plan or scheme to retaliate against ff for his criticism of their unlawful conduct, defendant Cordell published a letter to ayor and members of the Montreat Town Council seeking the removal of plaintiff he Montreat Planning and Zoning Commission. In the letter, which Cordell

-9-

ssly asked be spread upon the public record as part of the Town Council's official

tes, Cordell accused plaintiff of "blatantly and self-servingly" using his position to

e his own personal agenda, making "false accusations against the Council, Mayor, staff

ttorney," and "dissemination of incorrect and misleading information which he has

d to serve his purposes." A copy of the letter is attached as Exhibit A.

18. Upon information and belief, defendant Reed prepared and published to

bers of the Town Council, and possibly to others, a separate, unsigned, anonymous

nent that alleged numerous violations of procedure by plaintiff in conducting meetings

Planning and Zoning Commission, for the purpose of obtaining the removal of

iff from the Commission.

19. By letter dated June 1, 2003, seven Montreat property owners wrote to

dant Reed as Zoning Administrator, with a copy to the Mayor, complaining of a

y dwelling that had been allowed to remain for more than a year wrapped in "Pink

," a plastic moisture barrier designed to protect a building, which must itself be

ted from the elements by exterior siding, in violation of Montreat's building code and

nces. Plaintiff was not a signatory to the letter and was not then otherwise involved

citizens' complaint.

20. On June 5, 2003, defendant Cordell published a letter to Mr. and Mrs.

m T. DuBose, with copies to six other individuals, which, for some reason, sought to

-10-

plaintiff into the controversy, and which made the following statements regarding plaintiff (a copy of the letter is attached as Exhibit B):

a.  That plaintiff had made reports that were "false, inaccurate, and misleading";

b.  That plaintiff, a licensed architect, had an "incorrect and false understanding of the North Carolina building code and the Montreat zoning ordinance";

c.  That, referring again to plaintiff, "[i]t is ludicrous to me that someone who calls himself an architect has such pitifully lacking knowledge of the codes under which he 'works'.";

d.  That Wade Burns (plaintiff) was "dishonest"; and

e.  That plaintiff had given information that was "absolutely false and incorrect misinformation."

21.  None of the foregoing statements made by defendants was true.

22.  The defamatory statements made concerning plaintiff were uttered and published with malice.

23.  The defamatory statements published concerning plaintiff were made with and wanton disregard as to their truth or falsity.

24.  The defamatory statements concerning plaintiff tended to subject the plaintiff public ridicule, contempt, hatred, and disgrace because of the conduct falsely attributed him. Moreover, the false statements included accusations that plaintiff was dishonest ad made false reports, which were accusations of moral turpitude. In addition, se the false statements concerned plaintiff's alleged dishonesty, ignorance, and petence as an architect, the false statements injured plaintiff in his business and

-11-

sion. For all of these reasons, the untrue and defamatory statements published about iff by defendants constitute slander per se, which is actionable under the common law rth Carolina.

25.     At all times relevant to this action, and prior to the defamatory words spoken : him by defendants, plaintiff enjoyed an excellent reputation as a person of good ter, and plaintiff was known as an architect of great integrity and competence.

26.     The acts complained of herein were undertaken by defendants Cordell and n his or her official capacity and, upon information and belief, were supported and aged by the Mayor of the Town of Montreat and possibly other members of the stration of the Town of Montreat, and were permitted to occur as a result of the of Black Mountain's failure to supervise its employee, and such conduct is therefore d to both defendant municipalities.

27.     Alternatively, the actions of defendants Cordell and Reed were undertaken for of personal malice and spite against plaintiff, and out of a motive unlawfully to : against plaintiff for the exercise of his constitutionally protected right to free and not for legitimate business or public policy reasons.

28.     As a result of the defamatory statements published about plaintiff by nts, plaintiff's good name and reputation were injured and damaged in the minds of read or heard the publication of the defamatory statements, and others who heard ich publication. As a result of these things, plaintiff has suffered great

-12-

ırrassment and humiliation, his good reputation has been vilified, and he has suffered

al anguish and distress, as well as loss of income, all to his damage in a sum in excess of

Thousand Dollars.

29.    The defendants, in making and publishing their libelous statements

rning plaintiff, acted with actual malice and with knowledge of the falsity of the

nents or with reckless disregard of whether the statements were true or false, and

iff is entitled to recover of the individual defendants, jointly and severally, a further

n excess of ten thousand dollars as punitive damages.

### SECOND CLAIM FOR RELIEF:
### VIOLATION OF RIGHT OF FREE SPEECH

30.    The preceding allegations of this complaint are incorporated herein by

nce.

31.    Defendants' conduct in retaliating against plaintiff by seeking to remove him

office and by undermining plaintiff's ability to practice his profession, as alleged above,

se of his speech on matters of public concern, violates plaintiff's right to freedom of

1 and freedom to petition the government for the redress of grievances, protected by

rst Amendment to the United States Constitution and by Article I, Sections 12 and

the North Carolina Constitution.

32.    At all times material to this complaint, defendants (the defendant towns

through their policymaking officials, defendants Reed and Cordell, and the mayor

ce-mayor of the Town of Montreat) were responsible for the formulation and

-13-

tion of policies, practices, and customs, including a failure of supervision and control

e activities of their agents, that were a direct and proximate cause of the

nstitutional deprivation of plaintiff's freedom of speech and petition, and the other

tions of his civil and constitutional rights alleged herein.

33.    As a proximate result of the violation of plaintiff's civil rights alleged herein,

tiff suffered damage to his personal and professional reputations, was unlawfully

ved of his constitutional freedoms, was prevented from practicing his profession and

by sustained loss of earnings, and suffered mental and emotional distress,

rrassment, humiliation, and other injuries, all to his damage in a sum in excess of Ten

sand Dollars.

34.    Because of the aggravating factors that the defendants' actions were

taken with malice and that their conduct was willful and wanton, plaintiff is entitled to

er punitive damages from the defendants in their individual capacities in an amount to

termined by the trier of fact in accordance with applicable law.

THIRD CLAIM FOR RELIEF:

OLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAWS

35.    The preceding allegations of this complaint are incorporated herein by

nce.

36.    Article I, section 19 of the North Carolina Constitution, the "Law of the

" clause, provides that "no person shall be . . . in any manner deprived of his life,

, or property, but by the law of the land." The Fourteenth Amendment to the

-14-

d States Constitution provides that no state shall "deprive any person of life, liberty, or

rty, without due process of law."

37.    Defendants' arbitrary and capricious treatment of plaintiff and of the clients

presents violates both plaintiff's right to due process and his right to equal protection

laws. "The Due Process Clause was intended to prevent government officials 'from

ig [their] power, or employing it as an instrument of oppression.'" *Dobrowolska v.*

138 N.C. App. 1, 13, 530 S.E.2d 590, 599 (N.C. App. 2000) (internal citations

ed). "Arbitrary and capricious acts by government are also prohibited under the

Protection Clauses of the United States and the North Carolina Constitutions. . . .

urpose of the Equal Protection Clause . . . is to secure every person within the state's

iction against intentional and arbitrary discrimination, whether occasioned by express

of a statute or by its improper execution through duly constituted agents." *Id.*, 138

App. at 14, 530 S.E.2d at 599 (internal citations omitted). The guarantees of equal

ation of the laws in the state and federal constitutions are resolved through the same

is, and a "class of one" is sufficient to invoke the protection of the Equal Protection

. *Toomer v. Garrett*, 155 N.C. App. 462, 476-77, 574 S.E.2d 76, 88-89 (2002).

38.    The arbitrary and discriminatory treatment of plaintiff was directed and/or

sed by the highest policymaking officials of the defendant Town of Montreat with

t to the relevant area of operations (building and zoning compliance), and was caused

t by the failure of the defendant Town of Montreat to supervise the activities of its

-15-

and employee, defendant Cordell, and thus such treatment represents the official
is of the defendant towns. Defendants are therefore directly responsible for the
lation and execution of policies and practices that were a direct and proximate cause
unconstitutional deprivation of plaintiff's rights of due process and equal protection.

39.    As a proximate result of the violation of plaintiff's civil rights alleged herein,
ff suffered damage to his personal and professional reputations, was unlawfully
ed of his constitutional freedoms, was prevented from practicing his profession and
y sustained loss of earnings, and suffered mental and emotional distress,
rassment, humiliation, and other injuries, all to his damage in a sum in excess of Ten
and Dollars.

40.    Because of the aggravating factors that the defendants' actions were
aken with malice and that their conduct was willful and wanton, plaintiff is entitled to
punitive damages from the defendants in their individual capacities in an amount to
rmined by the trier of fact in accordance with applicable law.

## FOURTH CLAIM FOR RELIEF:
## TORTIOUS INTERFERENCE WITH CONTRACT

41.    The preceding allegations of this complaint are incorporated herein by
:e.

42.    Plaintiff contracted with each of the clients identified herein, and with other
, to serve as their architect.

-16-

43.    Defendants, by their actions as set forth herein, willfully, maliciously, and
out just cause or legal excuse interfered with the contracts for professional services
een plaintiff and his clients.

44.    As a proximate result of defendants' unlawful actions, plaintiff has suffered
ɔss of the benefit of his contracts for professional services, has suffered other lost
ess opportunities, and has suffered lost income, mental and emotional distress,
rrassment, humiliation, and other injuries, all to his damage in a sum in excess of Ten
sand Dollars.

45.    Because of the aggravating factors that the defendants' actions were
taken with malice and that their conduct was willful and wanton, plaintiff is entitled to
er punitive damages from the defendants in their individual capacities in an amount to
ermined by the trier of fact in accordance with applicable law.

## FIFTH CLAIM FOR RELIEF: CIVIL CONSPIRACY

46.    Plaintiff incorporates herein by reference the allegations of each of the
ling paragraphs of this complaint.

47.    Each of the defendants or their agents, together or with one or more persons
in concert with them, conspired to commit the torts and deprivations of civil rights
e set forth herein in order to injure him in his profession and to damage his
tion in the eyes of the community.

-17-

48.     In furtherance of their conspiracy, one or more of the conspirators named n committed one or more overt acts pursuant to their common agreement and in rance of their common objective.  Such acts include the making of the baseless and natory allegations about plaintiff as alleged above; the infringements upon plaintiff's of free speech on matters of public concern; the attempted ouster of plaintiff from the ing and Zoning Commission; the discriminatory treatment of plaintiff and his clients tters of zoning and building code compliance; the deprivation of the property rights ntiff's clients in such manner as to damage plaintiff's professional reputation and to transact his business; and the other acts of defendants alleged herein.

49.     Such conduct by defendants constitutes the tort of civil conspiracy and shes a claim on plaintiff's behalf for damages resulting from such conspiracy and from s done in furtherance of the unlawful agreement of the defendants.

50.     All of the defendant co-conspirators are liable, jointly and severally, for the any one of them done in furtherance of the conspiracy.

51.     As a proximate result of defendants' tortious conduct, plaintiff has suffered income, injury to his reputation, public humiliation and embarrassment, mental , and other injuries, all to his damage in a sum in excess of Ten Thousand Dollars.

52.     The defendants or their agents, in conspiring and acting against plaintiff, ith actual malice and, in the case of the defamatory statements alleged herein, with dge of the falsity of such statements or with reckless disregard of whether the

-18-

nents were true or false, and plaintiff is entitled to recover punitive damages from each

dual co-conspirator defendant in his or her individual capacity.

WHEREFORE, plaintiff prays the Court:

1. For judgment against the defendants, jointly and severally, in such sum as the trier of fact may determine to be appropriate as compensatory damages for the violation of plaintiff's civil and constitutional rights and defendants' tortious conduct as alleged herein;

2. For judgment against defendants Cordell and Reed in their individual capacities in such sum as a jury shall determine as punitive damages for the violation of plaintiff's civil and constitutional rights and said defendants' tortious conduct as alleged herein;

3. For a declaration that the defendants' actions complained of herein were unlawful and in violation of plaintiff's civil and constitutional rights;

4. For an injunction permanently enjoining and restraining the defendants from arbitrarily, capriciously denying the clients of plaintiff the equal treatment of the laws, and from discriminating against plaintiff and his clients in the application of uniform standards in matters of building code and zoning compliance in the Town of Montreat;

5. For recovery of plaintiff's costs herein, including an award of attorney fees pursuant to 42 U.S.C. § 1988; and

6. For such other relief to which plaintiff may be entitled.

Trial by jury is hereby demanded as to all issues so triable.

-19-

This the 12th day of May, 2004.

_C. FRANK GOLDSMITH, JR._

GOLDSMITH, GOLDSMITH & DEWS, P.A.
57 South Main Street
Post Office Box 1107
Marion, NC 28752
Telephone: 828-652-3000

Attorney for Plaintiff

-20-

May 14, 2003

Mayor Letta Jean Taylor and Montreat Town Council
P. O. Box 423
Montreat, North Carolina  28757

Dear Mayor Taylor and Members of Montreat Town Council,

As a resident of Montreat, I want to express my outrage and disgust with the treatment the Mayor and members of Town Council have received from some of the members of the Montreat Planning and Zoning Commission during the past year.  The Mayor and members of the Town Council, as officials elected by the citizens of Montreat, give willingly of their time and resources to serve the citizens of Montreat.  For the past year, the Chair of Planning & Zoning, Wade Burns, has blatantly and self-servingly used his appointed position on the Planning and Zoning Commission to pursue his own personal agenda, using offensive and divisive tactics such as false accusations against the Council, Mayor, staff and attorney; inflammatory agitation throughout the community against the Mayor, Council and staff; and dissemination of incorrect and misleading information which he has twisted to serve his purposes.

Any citizen can easily ascertain the facts of the issues by going to the Town office and consulting with the staff, who have documented all of this activity.  Or they could scrutinize the minutes of the Planning and Zoning Commission, comparing them to the taped meetings, to ascertain the many conflicts of interest, procedural errors and steering of the committee by its Chair.  However, many citizens are being approached in their homes or at community gathering places such as the post office by Mr. Burns in his unrelenting attacks against the Mayor, Council and staff; and apparently few have taken the time to research the issues.  Even the highly respected citizens who constitute the Montreat Grassroots, while purporting to support the Council and the principles upon which Montreat was founded in their mission statement, have not taken the time to explore and research both sides of the issues, seemingly willing to abide only by Mr. Burns' version.  It has become evident that the Montreat Grassroots, while ostensibly subscribing to a benevolent mission of support, is a device used by a few to serve personal agendas.

I request, as a citizen of Montreat, that Council take immediate action to remove Wade Burns from the Planning and Zoning Commission completely.  It is untenable that any individual use an appointed position on a town board to serve their personal interests and to act in an adversary manner against the governing body.  It has contributed to much discord in the community, needless expense of taxpayer monies, and distraction of the Commission from its prescribed duties.  Please read this letter in its entirety into the Council's minutes.  Thank you for your consideration.

Sincerely,

Daniel I Cordell

Daniel I. Cordell, Jr.
10 Alabama Terrace
Montreat, North Carolina  28757

EXHIBIT
A

e 5, 2003

. and Mrs. William T. Dubose
). Box 670
ʼidson, N.C. 28036

ar Mr. and Mrs. Dubose:

k Maxwell called me this morning, distressed by your letter to him of May 31, 2003.
faxed it to me for my consideration.

n appalled at the arrogant, condescending, judgmental attitude you and members of
ir family have taken, in a community that prides itself as being Christian. Jack
ɪxwell is a true Christian minister, living humbly while serving the Lord and those in
:d. This cottage has been in his family for many, many years and his difficulty in
ɔroving it to your standards is due to his resources being spent elsewhere, such as
ssionary work in South America and the destitute Appalachian mountains of West
ʼginia.

ur "sense" of where responsibility lies, as you judge the personal affairs of others, is
staken. Your "recollection" of the terms of agreements between individuals with
ɪom you have never spoken on this matter, is incorrect. If you are basing "your"
:ollection on your nephew Wade Burns' reports, you may wish to reconsider your self-
ʼving source. One can easily consult the public records of the Town of Montreat to
ʼify how frequently Wade Burns' "recollections" and reports are false, inaccurate, and
sleading.

verend Maxwell shared with me the incident a few years ago when Wade Burns
ʼered him a ridiculously small amount to purchase Reverend Maxwell's cottage, and
w upset Wade Burns became when Reverend Maxwell refused his offer. Wade Burns
s entered this cottage, uninvited, on more than one occasion, to express his unwanted
inions regarding the remodeling of the cottage. He has tried without success to argue
; incorrect and false understanding of the North Carolina building code and the
ɔntreat zoning ordinance. It is ludicrous to me that someone who calls himself an
:hitect has such pitifully lacking knowledge of the codes under which he "works".

ie terms of my agreements with Reverend Maxwell are not your business, but I will
are with you that Reverend Maxwell knows I stand ready, willing and able to perform
y task he needs or directs. Last spring, when another "Christian" neighbor, "Reverend"
ɔoley Hitch expressed his poor opinion of Reverend Maxwell's cottage, I suggested to
m that if the neighbors care so much about the appearance of the cottage, they might
nsider assisting Reverend Maxell financially to obtain what they consider "appropriate
ling". His response to me was "I wouldn't help Jack Maxwell if he was the last man on
rth." So much for your Christian neighborhood and your so-called "reverends".

EXHIBIT

B

ouple of years ago, other arrogant, judgmental neighbors wrote to the Mayor
arding offense to their sensibilities from their neighbor's rustic cottage. As
noralizing and disheartening as that was, many others felt Christian joy and pride in
words spoken by other caring neighbors in defense of the woman, "Even though there
y be some town ordinances that are being violated on her property, she is a good
man, a good neighbor, an elder in our human family, and deserves to be treated with
pect and sensitivity."; and "Those of us who live on ____ Lane take great pride in our
ghborhood. We've all lived here for at least twenty-five years. Her lifestyle is not
at many of us would choose; her home is not modern. I have enormous respect and
miration for a woman who would maintain her ways despite the rush of time and the
ssure of people. A person's heart is of much more importance than their property, and
has a heart of gold. She cares about her neighbors and willingly shares what she has.
ere is a mystery to the human spirit that is partially opened to us as we learn to respect
r fellow human beings and accept them for who they are. I firmly believe that there are
es when what is morally right takes precedence over the letter of the law. I plan to
pport her right to live the remainder of her life in the manner of her choosing. If we,
fortunate residents of a beautiful community, cannot be accepting of one another, then
lespair for our future." I would ask that you carefully ponder these Christian words of
arity and compassion spoken by other Montreat residents.

everend Maxwell shared with me that your "beliefs" about his "intentions" or "what
rves his interests" are unfounded and baseless. Have you ever even discussed your
liefs, his intentions, or his interests with him? No; you are weakly attempting to cloak
ur self-serving condescension in palatable language. Far from "helping" Jack
axwell, who is elderly and not in good health, your unasked for "report" has upset and
stressed him.

hen I decided to move to Montreat to make a home for myself and my young son, I
lieved that this "Christian" community would help us heal from the scars of divorce
id dislocation, and would help me instill in my son a true sense of Christian spirit and
lues. I believe that this is the "spirit and mission" of Montreat. Your family's and
ur neighbors' arrogance, and the constant agitation in the community by your dishonest
id self-serving nephew, Wade Burns, with his absolutely false and incorrect mis-
formation, has re-drawn my impressions of this community. I can only hope that Jack
laxwell's humble cottage, standing as it does in need of repairs as he spends his
sources on those even less fortunate than we are, may serve as a small reminder to you
f the Christian values of humility, charity, and gratitude.

incerely,

Daniel Cordell

aniel Cordell
. O. Box 1085, Montreat, NC 28757
    Cc: Jack Maxwell; Mr. and Mrs. James L. Morgan; Mrs. Jane Gaw Ragland
    Mr. W. Dennis Morton; Rev. C. Dooley Hitch