# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04cv112

| | |
|---|---|
| WADE D. BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **ORDER OF RECUSAL** |
| ) | |
| TOWN OF MONTREAT; and ) | |
| TERESA REED, individually and in her ) | |
| official capacity as Zoning Official, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon the court's own Motion to Recuse. In reviewing the court's docket and prior to entering a recommendation on any substantive motions after conducting a hearing, it appears that plaintiff Wade D. Burns is represented by C. Frank Goldsmith, Jr., Esq., North Carolina, in this matter and that the undersigned has a conflict which will, unfortunately, require recusal in this particular civil action.

Prior to the undersigned's selection to the judicial office of Magistrate Judge, the undersigned practiced law as a private practitioner. This practice, in large part, involved civil litigation matters. Upon appointment to the bench, the court referred one civil matter to C. Frank Goldsmith, Jr., Esq., who represents plaintiff herein. The referral arrangement between the undersigned and Mr. Goldsmith anticipates that the undersigned will be paid for his services rendered in the referred case, prior to referral, upon the end of the litigation. The undersigned had an active practice and pending cases were referred to many attorneys to be completed. During the weekend of July16th and 17th, 2005 the undersigned made a third review of the file in this cause and a review of the notes of the oral arguments to begin the first draft of an Memorandum and Recommendation. At that time the court recalled the referral of the civil matter to Mr. Goldsmith.

The court has considered 28, United States Code, Section 455 and Canon 2 of the Code of

Conduct for Judges and Judicial Employees to determine whether or not the undersigned should remove himself from matters involving Mr. Goldsmith. The court has found that 28, United States Code. Section 455(a) provides as follows:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Title 28, United States Code, Section 455(e) provides:

> Where the ground for disqualification arises only under Subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

The undersigned has further consulted the Code of Conduct for Judges and Judicial Employees and, in particular, Advisory Opinion 24 to Canon 2.7 of the Code of Conduct. The advisory committee provides as follows:

> (c) A judge who was a sole practitioner, or who otherwise has no single successor to the law practice, may distribute pending cases, including contingent-fee cases, to various lawyers or law firms, and thereafter receive fixed amount or a fixed percentage which is reasonable in light of the services previously rendered by the departing judge.
>
> (d) Where cases handled before appointment as judge are transferred to other attorneys, and fees for judge's prior services are payable at end of litigation, **the judge must recuse in all cases handled by successor law firms or attorneys, until transferred cases are ended and fees paid.**

C.C.J.J.E., Chapter 5, at V-11 (May 1999) (emphasis added).

Although 28, United States Code, 455(e) provides that waiver of disqualification may be accepted, the court considers Canon 2 and the Advisory Opinions of the Code of Conduct for Judges and Judicial Employees as being mandatory and as a result the undersigned should recuse himself in this matter. The undersigned further considers that out of an abundance of caution, that he should recuse himself in any matter in which Mr. Goldsmith, or the firm of Goldsmith, Goldsmith & Dews, P.A., represents any party until all cases transferred by the undersigned to Mr. Goldsmith are ended and the fees paid.

The undersigned deeply regrets the inconvenience which this recusal has caused for the parties and their respective counsel, however the integrity and honesty of the court must be above

reproach. The undersigned has this day transferred all files in this civil action to Honorable Lacy H. Thornburg, United States District Judge. Further, the undersigned has informed Judge Thornburg of the hearing and the availability of a recording of such proceeding for his review. The undersigned does not, however, anticipate that such recusal will result in the delay of the trial or resolution of the pending dispositive motion.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

(1)  That the undersigned recuses himself from this matter, pursuant to 28, United States Code, Section 455(a) and Canon 2.7 of the Code of Conduct of Judges and Judicial Employees; and

(2)  That this matter be transferred to Honorable Lacy H. Thornburg, United States District Judge, for all further proceedings.

**Signed: July 18, 2005**

**Signed: July 18, 2005**

_____
Dennis L. Howell
United States Magistrate Judge

_____
Dennis L. Howell
United States Magistrate Judge